# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Anthony Pocius

Plaintiff,

-against-

Security Dodge Chrysler Jeep Ram of Amityville and Gabriel Vigorito

Index No. 16-cv-00400 (LOW)(SIL)

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

2. The Mediator may meet in private conference with less than all of the parties.

3. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

4. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

5. The mediation process shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. Provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this mediation process.

6. The Mediator and his or her agents shall have the same immunity as judges and

court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

7. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator.

8. The Mediator's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the Mediator represents that he has taken the oath prescribed by 28 U.S.C. 453.

9. Any party to this Stipulation is required to attend at least one session and as many sessions thereafter as may be helpful in resolving this dispute.

10. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____  
Plaintiff

_____ 3-2-17  
Defendant

_____  
Attorneys for Plaintiff  
Frank + Associates, P.C.

_____ 2-23-17  
Attorneys for Defendant

Consented to: _____  
Mediator  
3/3/17

court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

7. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator.

8. The Mediator's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the Mediator represents that he has taken the oath prescribed by 28 U.S.C. 453.

9. Any party to this Stipulation is required to attend at least one session and as many sessions thereafter as may be helpful in resolving this dispute.

10. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____                                _____
Plaintiff                                              Defendant

_____                                _____
Attorneys for Plaintiff                                Attorneys for Defendant
Frank + Associates, P.C.

Consented to: _Patrick Michael McKenna_
              Mediator         3/3/2017