UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANTHONY POCIUS,

                        Plaintiff,

      -against-

SECURITY AUTO SALES INC. s/h/a
SECURITY DODGE CHRYSLER JEEP RAM
OF AMITYVILLE and GABRIEL VIGORITO,

                    Defendants.
-----------------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
16-cv-400 (JFB)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Leonard D. Wexler[1]

for Report and Recommendation, is Plaintiff Anthony Pocius's ("Plaintiff" or "Pocius")

motion seeking reimbursement of attorneys' fees and costs. *See* Docket Entry ("DE")

[38].  By Complaint filed on January 26, 2016, Plaintiff commenced this action

alleging violations of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*,

by Defendants Security Auto Sales Inc. s/h/a Security Dodge Chrysler Jeep Ram of

Amityville ("Security Dodge") and Gabriel Vigorito ("Vigorito") (together, the

"Defendants").  *See generally* Complaint ("Compl."), DE [1].  Pocius filed a First

Amended Complaint adding claims under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*, on March 14, 2016.  *See* First Amended Complaint ("FAC"), DE

[8].  Following mediation on May 4, 2017, the parties executed a Settlement

Agreement and General Release (the "Settlement Agreement"), which resolved five

---

[1] Upon the passing of Judge Wexler, this matter was reassigned to the Honorable Joseph F.
Bianco.  *See* Electronic Order dated April 6, 2018.

of the seven causes of action asserted in the First Amended Complaint.[2]  *See* Affirmation of Michael A. Berger in Support of Plaintiff's Motion for Attorneys' Fees ("Berger Aff."), DE [38-7], Exhibit ("Ex.") E.  As contemplated by the terms of the Settlement Agreement, and consistent with a briefing schedule set by Judge Wexler, the parties electronically filed the instant fully-briefed motion on October 25, 2017. *See* DEs [38]-[40].  On November 20, 2017, Judge Wexler referred the motion to this Court for Report and Recommendation.  *See* Electronic Order dated November 20, 2017.  For the reasons set forth herein, the Court respectfully recommends that Plaintiff's application be granted in part and denied in part, and that Plaintiff be awarded $20,621.12 in attorneys' fees and $847.74 in costs.

## I.     BACKGROUND AND PROCEDURAL HISTORY

From December 2012 until approximately December 2015, Pocius was employed as an overnight security guard by Security Dodge, an automobile dealership engaged in the sale, servicing, and financing of vehicles.  *See* FAC ¶¶ 7, 14, 15.  During Plaintiff's employment, and through at least March 14, 2016, Vigorito owned and operated Security Dodge.  *See* FAC ¶ 10.

Pocius commenced this action against Defendants on January 26, 2016 ultimately seeking to recover damages for alleged violations of federal and state wage-and-hour laws.  *See generally* Compl.  On October 25, 2016, the parties appeared before this Court for a settlement conference, but were unable to resolve

---

[2] On September 18, 2017, the parties submitted a stipulation providing for the dismissal without prejudice of Plaintiff's two remaining causes of action, the sixth and seventh counts of the First Amended Complaint.  *See* DE [35].  Judge Wexler So Ordered the stipulation of dismissal on September 27, 2017.  *See* Electronic Order dated September 27, 2017.

the matter at that time.  *See* DE [19].  Thereafter, on May 4, 2017, the parties participated in a mediation session before Patrick M. McKenna at which they reached a settlement on five of the seven causes of action.[3]  *See* Electronic Order dated March 17, 2017; Berger Aff., Ex. E.  The parties then filed a joint motion seeking approval of the terms of the Settlement Agreement as required by *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), on June 13, 2017.  *See* DE [26].  That same day, Plaintiff also submitted a motion seeking attorneys' fees and costs in accordance with section 1 of the Settlement Agreement.  *See* DEs [27], [28]; Settlement Agreement § 1 ("Plaintiff's counsel shall file a [m]otion with the United States District Court for the Eastern District of New York in order to recover its attorneys' fees and costs regarding the . . . settled portion of Plaintiff's claim.  Defendants' counsel reserves their [*sic*] right to oppose said [m]otion.").

On June 14, 2017, Judge Wexler denied the motion for attorneys' fees and costs without prejudice, and with leave to renew, in light of Pocius's failure to request a pre-motion conference before filing the motion.  *See* Electronic Order dated June 14, 2017.  In a separate Order also entered on June 14, 2017, Judge Wexler granted the parties' joint motion for settlement, but indicated that the Court would not grant Plaintiff leave to file a motion for attorneys' fees until the conclusion of the entire action.  *See* DE [29].  Shortly after Judge Wexler set a briefing schedule on Defendants' proposed motion for summary judgment seeking dismissal of Pocius's

---

[3] According to Defendants' counsel, Plaintiff recovered $51,000.00 under the terms of the settlement, comprised of approximately $25,500.00 in unpaid minimum wage overtime and $25,500.00 in liquidated damages.  *See* Declaration of Leo K. Barnes Jr. in Partial Opposition to Plaintiff's Request for Counsel Fees ("Barnes Decl."), DE [40], ¶ 1.

sixth and seventh causes of action, the parties submitted an executed stipulation of dismissal as to those two remaining counts. *See* DE [35]. Judge Wexler So Ordered the parties' stipulation of dismissal on September 27, 2017. *See* Electronic Order dated September 27, 2017.

On September 29, 2017, Plaintiff served his renewed motion requesting $31,780.00 in attorneys' fees and $847.74 in costs. *See* DE [38]; *see also* Plaintiff's Reply Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees ("Pl.'s Reply"), DE [39], at 1 (indicating service dates). On October 17, 2017, Defendants served a partial opposition challenging only the amount of attorneys' fees sought, but not disputing: (i) that "Plaintiff is entitled to an award of counsel fees"; (ii) "the rates [Plaintiff] requests for each attorney"; and (iii) "the recovery of costs requested." Memorandum of Law in Partial Opposition to Plaintiff's Motion for an Award of $31,780 in Counsel Fees ("Defs.' Opp."), DE [40-2], at 4; *see* Pl.'s Reply at 1. With regard to the amount of counsel fees sought, Defendants asserted that Pocius's award should be limited to $16,830.00—33% of the total amount recovered, $51,000.00— because, upon their information and belief, a contingency fee agreement between Plaintiff and his attorneys existed. *See* Defs' Opp. at 3. Further, Defendants argued, in the alternative, that Pocius's hourly-based fee request should be reduced to $11,792.62 because the number of hours devoted by counsel to this case was not reasonable. *See id.* at 4-5. In reply, Plaintiff indicated that he was reducing the amount of his attorneys' fees request to $23,108.75, but did not address Defendants' argument concerning the contingency fee arrangement. *See* Pl.'s Reply at 1.

4

The parties electronically filed their respective motion papers on October 25, 2017.  *See* DEs [38]-[40].   Judge Wexler then referred the motion to this Court for Report and Recommendation on November 20, 2017.  *See* Electronic Order dated November 20, 2017.

## II.   LEGAL STANDARD

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law. §§ 198(1)-(2), 663(1); *see also Apolinar v. Global Deli & Grocery, Inc.*, No. 12-cv-3446, 2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013) ("Both the FLSA and New York state law provide for an award of reasonable attorneys' fees and costs.").  In an FLSA case, a plaintiff prevails "if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.'"  *Velasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 203 (E.D.N.Y. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).  Hence, "[w]here plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees."  *Larrea v. FPC Coffees Realty Co.*, No. 15-cv-1515, 2017 WL 1857246, at *5 (S.D.N.Y. May 5, 2017) (citation and internal quotation marks omitted); *see Samborski v. Linear Abatement Corp.*, No. 96-cv-1405, 1999 WL 739543, at *1 (S.D.N.Y. Sept. 22, 1999) ("As plaintiffs have obtained a settlement of $50,000, they . . . are prevailing parties entitled to reasonable attorneys' fees and costs." (citation and internal quotation omitted)).

## III.   DISCUSSION

Applying the standards outlined above, and for the reasons stated below, the Court respectfully recommends that Plaintiff's application be granted in part and denied in part, and that Plaintiff be awarded $20,621.12 in attorneys' fees and $847.74 in costs.

### A. <u>Attorneys' Fees</u>

In determining a reasonable attorneys' fees award, both the Supreme Court and the Second Circuit have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'"[4]   *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of*

---

[4] Defendants contend that the Court should not utilize the "presumptively reasonable fee" method but, rather, should limit Plaintiff's counsel fee award to 33% of the total amount recovered because a contingency fee agreement exists. *See* Defs.' Opp. at 3 ("BECAUSE A CONTINGENCY FEE AGREEMENT EXISTS, THE SAME SHOULD GOVERN THE QUANTUM OF COUNSEL FEES AWARDED"); *see also* Barnes Decl. ¶ 2 ("At the outset, we object to Plaintiff's request for counsel fees premised upon an hourly basis under these circumstances because, upon information and belief, a one-third contingency agreement exists between Plaintiff and his counsel"). The cases relied upon by Defendants in support of this proposition, however, are distinguishable from the instant matter. *See id.* Each such case— *Ezpino v. CDL Underground Specialists, Inc.*, No. 14-cv-3173, 2017 WL 3037483 (E.D.N.Y. June 30, 2017), *report and recommendation adopted*, 2017 WL 3037406 (E.D.N.Y. July 17, 2017); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-cv-6126, 2014 WL 6621081 (E.D.N.Y. Nov. 21, 2014); and *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-cv-3234, 2013 WL 5308277 (E.D.N.Y. Sept. 19, 2013)— involved a joint motion for approval of the parties' settlement agreement, which incorporated an agreed-upon attorneys' fee award. Defendants seemingly acknowledge this distinction by stating that they "have no objection to the Plaintiff's award of a 33% contingency fee . . ." and failing to provide legal support for the contention that the award should or must be calculated in this manner. Here, the parties have not reached an agreement regarding counsel fees and, as indicated in his reply brief, Pocius maintains his request for fees calculated on an hourly basis notwithstanding Defendants' position. Accordingly, the Court recommends that the District Court apply the "presumptively reasonable fee" method to assess the appropriate attorneys' fee award. *See Velasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 205 (E.D.N.Y. 2015) (rejecting the defendants' request that the plaintiff's fee award be limited to a contingency fee of one-third of the settlement amount, or $10,000.00, reasoning that "such a fee award would do little to encourage attorneys to litigate FLSA claims, where the wage and hour amounts owed are often individually too small to warrant significant recovery").

*Albany*, 522 F.3d 182, 183 (2d Cir. 2007)).   In calculating the presumptively reasonable fee, the court should look to what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay.   *Arbor Hill*, 522 F.3d at 184.   The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged.   *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983).   Ultimately, "[t]he reasonableness of an attorney's requested fees is a matter within the district court's discretion."   *Bond v. Welpak Corp.*, No. 15-cv-2403, 2017 WL 4325819, at *4 (E.D.N.Y. Sept. 26, 2017), *appeal dismissed* (Apr. 9, 2018).

1. Reasonable Hourly Rate

For purposes of the lodestar, "[a] reasonable rate is the rate that a reasonable, paying client would be willing to pay."   *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted).   Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits."   *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (citing *Simmons v. N.Y. City Transit Auth.,* 575 F.3d 170, 176 (2d Cir. 2009)).   "Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates."   *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014); *see also D'Annunzio v. Ayken, Inc.*, 11-cv-3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10,

2015) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals.").

Here, Plaintiff seeks attorneys' fees based upon rates charged by attorneys with Frank & Associates, P.C. ("Frank & Associates") ranging from $400.00 for the managing partner to $200.00 for the most junior associate. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees ("Pl.'s Mem."), DE [38-1], at 5. As noted above, Defendants do not dispute the rates requested for each attorney. *See* Defs.' Opp. at 4. Managing partner Neil M. Frank ("Frank"), for whom Plaintiff seeks a rate of $400.00 per hour, graduated from New York Law School, was admitted to the New York State Bar in 1963, and has been practicing labor and employment law for over fifty-one years. *See id.*; Affirmation of Neil M. Frank in Support of Plaintiff's Motion for Attorneys' Fees, DE [38-3], ¶ 2. Pocius also requests a rate of $325.00 per hour for senior associate Patricia L. Boland, a graduate of Touro College Jacob D. Fuchsberg Law Center who was admitted to the New York State Bar in 2010 and has been practicing labor and employment law for over five years.[5] *See* Pl.'s Mem. at 5; Affirmation of Patricia L. Boland in Support of Plaintiff's Motion for Attorneys' Fees, DE [38-4], ¶ 2. In addition, Plaintiff seeks rates of $250.00 per hour for associate Anthony V. Merrill ("Merrill") and $225.00 per hour

---

[5] As Defendants' counsel points out and Plaintiff acknowledges, notwithstanding Plaintiff's representation that Frank's rate was reduced from $550.00 per hour to $400.00 per hour and Boland's rate was reduced from $400.00 per hour to $325.00 per hour, *see, e.g.*, Pl.'s Mem. at 5 n.2, the time records submitted by counsel, and the $31,780.00 sought, do not reflect such reductions. *See* Barnes Decl. ¶ 4; Pl.'s Reply at 2; Berger Aff., Ex. F. Frank billed a total of 15 hours and Boland billed a total of .95 hours. *See* Berger Aff., Ex. F. Thus, as a result of this error, Pocius's initial attorneys' fee request should be reduced by $2,321.25.

8

for associate Michael A. Berger ("Berger").  *See* Pl.'s Mem. at 5.  Merrill graduated from St. Thomas University School of Law, was admitted to the New York State Bar in 2016, and has "represented numerous employees from inception through trial in wage and hour litigation."  *See* Affirmation of Anthony V. Merrill in Support of Plaintiff's Motion for Attorneys' Fees, DE [38-5], ¶¶ 2, 4.  Berger, a graduate of Maurice A. Deane School of Law at Hofstra University, was admitted to the New York State Bar in 2014 and has likewise "represented numerous employees from inception through trial in wage and hour litigation," including in a wage and hour trial before Judge Wexler in 2016.  *See* Berger Aff. ¶¶ 2, 5.  Finally, Pocius seeks a rate of $200.00 per hour for associate Rashida Smith ("Smith").  Although Smith did not submit a supporting affidavit with information regarding her background and experience, Plaintiff's brief provides that Smith graduated from Thomas M. Cooley School of Law, was admitted to the New York State Bar in 2011, and spent five years as a general practitioner prior to joining Frank & Associates.  *See* Defs.' Opp. at 3.  Having reviewed Pocius's submissions, the Court finds these rates to be consistent with community prevailing rates for individuals with such credentials and experience and, thus, reasonable under the circumstances.

   2. Reasonable Number of Hours

  A party seeking to recover attorneys' fees "bears the burden of establishing that the number of hours for which compensation is sought is reasonable."  *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *2 (E.D.N.Y. Apr. 2, 2015).  An application for attorneys' fees must be supported "by accurate, detailed,

and contemporaneous time records." *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010); *see also Gesualdi v. Gen. Concrete, Inc.*, No. 11-cv-1866, 2013 WL 1192967, at *9 (E.D.N.Y. Feb. 1, 2013) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." (quoting Scott v. City of N.Y., 626 F.3d 130, 133-34 (2d Cir. 2010))).  Contemporaneous time records submitted in support of an application need not contain great detail so long as they identify the general subject matter of time expenditures. *See Perdue v. City Univ. of N.Y.*, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998).

Courts should not award attorneys' fees for "hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939). In reducing an award due to excessive hours, a court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. Cty. of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Rather, it is within the court's discretion to reduce an award of attorneys' fees by a specific percentage for duplicative, vague, or excessive billing entries. *See In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) ("[T]he district court has the authority to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application." (internal quotation omitted)).

Plaintiff has submitted contemporaneous time records, which include the date, the nature of work performed, and the amount of time spent on each task. *See* Berger Aff., Ex. F.  Upon review of such records, the Court is satisfied that they provide

10

sufficient information to assess the reasonableness of Pocius's application. *See Perdue*, 13 F. Supp. 2d at 345 (requiring that time entries identify the "general subject matter of . . . time expenditures" (citation and internal quotation marks omitted)). Nevertheless, the Court finds the time expended on certain tasks to be excessive or unreasonable. For example, from June 20, 2017 through June 27, 2017, Smith billed 19.15 hours to draft 23 interrogatories, a portion of which were precluded under a stipulation executed by parties and So Ordered by this Court. *See* Barnes Decl. ¶ 6; DE [16].  Similarly, from June 22, 2017 through June 28, 2017, Smith billed 12.85 hours to draft 14 basic document demands. *See id.* ¶ 7, Ex. 5.  Smith likewise billed an additional 19.5 hours for responding to Defendants' documents demands, even though Pocius's production consisted of only 176 pages of documents. *See id.* ¶ 10. Finally, a large number of Frank's billing entries include either duplicative or plainly excessive time. *See id.* ¶¶ 13-20.  In total, Frank & Associates attorneys billed 139.65 hours to this matter. *See* Sudock Aff. ¶ 3.[6]

Rather than scrutinizing the propriety of each individual time entry, however, the Court recommends an across-the-board percentage cut of thirty percent to account for excessive or otherwise improper billing. *See Hines v. City of Albany*, 613 F. App'x 52, 54 (2d Cir. 2015) (affirming 30% reduction of attorneys' fees "due to a variety of concerns regarding the billing entries"); *Quinn v. Nassau Cnty. Police Dep't*,

---

[6] In addition to challenging the quantum of hours attributable to Smith and Frank, Defendants contend that the fees billed to this matter by any Frank & Associates attorney after the settlement conference with this Court on October 25, 2016 should be reduced by 50% because Plaintiff made unreasonable settlement demands, unilaterally ended the conference, and ultimately did not obtain an award in excess of the offer made by Defendants that day. *See* Barnes Decl. ¶¶ 23-28.  The Court has taken this argument into account in reaching its conclusion to impose an across-the-board reduction in fees, as explained below.

75 F. Supp. 2d 74, 78 (E.D.N.Y. 1999) (reducing attorneys' fees by 30% for unnecessary and redundant time).  Accordingly, applying a 30% reduction to the $29,458.75 sought by Plaintiff, the Court recommends an award of $20,621.12 to recover for attorneys' fees.[7]

### B. <u>Costs</u>

As noted above, both the FLSA and NYLL also provide for the recovery of reasonable costs.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Becerra v. Well Made Cleaning Enters., Inc.*, No. 14-cv-3147, 2015 WL 5009274, at *9 (E.D.N.Y. Aug. 21, 2015) ("[The FLSA and NYLL] similarly allow prevailing Plaintiff to recover costs from defendants.").  Recoverable costs generally include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).  The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).  In the absence of adequate substantiation, a party is not entitled to recover costs.  *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); *Joe Hand Promotions,*

---

[7] As explained in footnote 5, *supra*, Plaintiff voluntarily decreased his initial request for $31,780.00 in attorneys' fees by $2,321.25, to $29,458.75.  *See* Pl.'s Reply at 2.  The Court therefore recommends applying the 30% reduction to this adjusted figure.

*Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

Here, Pocius, without opposition from Defendants, seeks to recover $847.74 in total costs. *See* Affidavit of Ilana Sudock in Support of Plaintiff's Motion for Attorneys' Fees ("Sudock Aff."), DE [38-6], ¶ 12. Plaintiff requests $524.00 for filing fees and service costs, which the Court concludes are generally recoverable. *See, e.g., Cardoza v. Mango King Farmers Market Corp.*, No. 14-cv-3314, 2015 WL 5561033, at *19 (E.D.N.Y. Sept. 1, 2015) ("Costs relating to filing fees [and] process servers . . . are ordinarily recoverable."). Further, Pocius seeks $23.74 for costs associated with obtaining medical records and $300.00 for mediation expenses, both of which the Court also finds recoverable. *See Smart v. City of New York*, No. 15-cv-1405, 2017 WL 933080, at *4 (E.D.N.Y. Feb. 17, 2017) (recommending award of costs incurred in obtaining medical records), *report and recommendation adopted*, 2017 WL 928472 (E.D.N.Y. Mar. 8, 2017); *Hall v. ProSource Techs., LLC*, No. 14-cv-2502, 2016 WL 1555128, at *17 (E.D.N.Y. Apr. 11, 2016) (awarding mediation expenses, among other litigation costs). Accordingly, the Court recommends that Plaintiff be awarded $847.74 in costs.

## IV. CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends that Plaintiff's application be granted in part and denied in part, and that Plaintiff be awarded $20,621.12 in attorneys' fees and $847.74 in costs for a total amount of $21,468.86.

## V.     OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.   Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:       Central Islip, New York
             July 6, 2018

                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge