UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
ANTHONY POCIUS,

      Plaintiff,

  -against-

SECURITY AUTO SALES INC. s/h/a SECURITY
DODGE CHRYSLER JEEP RAM OF AMITYVILLE and
GABRIEL VIGORITO,

      Defendants.
-----------------------------------------X

ORDER
16-CV-0400 (JFB)(SIL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ AUG 20 2018 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Presently before the Court is a Report and Recommendation from Magistrate Judge Steven I. Locke ("R&R," ECF No. 41), recommending that plaintiff's application for attorney's fees and costs (ECF No. 38) be granted in part and denied in part. More specifically, Judge Locke recommends that plaintiff be awarded $20,621.12 in attorney's fees and $847.74 in costs. (*Id.*) A copy of the R&R was served on all parties by electronic filing on July 6, 2018. Judge Locke directed that any objections to the R&R be filed within fourteen (14) days of receipt of the R&R. (R&R at 14.) The deadline has since passed, and no party has filed an objection.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise

its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Having conducted a review of the record and applicable law, and having reviewed the R&R for clear error, the Court adopts the findings and recommendations contained in the R&R in their entirety.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for attorney's fees and costs is granted in part and denied in part, and that plaintiff is awarded $20,621.12 in attorney's fees and $847.74 in costs. The Clerk of Court shall enter judgment accordingly and close the case.

SO ORDERED.

S/ Joseph F. Bianco
_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:    August 20, 2018
            Central Islip, New York